# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETWORK MONITORING LLC, *Plaintiff*, v. SKYSCANNER LTD., *Defendant*. | Civil Action No. 2:21-cv-00148-JRG<br><br>JURY TRIAL DEMANDED |

### DEFENDANT SKYSCANNER LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Skyscanner Ltd. ("Skyscanner") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Network Monitoring LLC's ("Plaintiff" or "Network Monitoring") Complaint for Patent Infringement ("Complaint"). Skyscanner denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES

1.  Skyscanner is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.  Skyscanner admits that it is a United Kingdom corporation. Skyscanner further admits that it may be served with process pursuant to the Hague convention and by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701. Skyscanner denies any remaining allegations in Paragraph 2 of the Complaint.

3.  Skyscanner denies the allegations in Paragraph 3 of the Complaint.

---

[1] For avoidance of doubt, Skyscanner denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

## **JURISDICTION**

4. Skyscanner admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Skyscanner denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Skyscanner denies any remaining allegations in Paragraph 5 of the Complaint.

6. Skyscanner denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Skyscanner denies any remaining allegations in Paragraph 6 of the Complaint.

7. Skyscanner denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Skyscanner denies any remaining allegations in Paragraph 7 of the Complaint.

8. Skyscanner admits that its website is available to the users in the United States. Skyscanner denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Skyscanner denies any remaining allegations in Paragraph 8 of the Complaint.

9. Skyscanner admits that a USA website is available to its users in the United States. Skyscanner denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Skyscanner denies any remaining allegations in Paragraph 9 of the Complaint.

10. Skyscanner denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Skyscanner denies any remaining allegations in Paragraph 10 of the Complaint.

**PATENTS-IN-SUIT AND [ALLEGED] FACTUAL ALLEGATIONS**

11. Skyscanner admits that a purported copy of U.S. Patent No. 9,058,416 (the "'416 Patent") is available on the USPTO website, and that the face of the patent indicates that it is entitled "System and Method for Detecting and Reporting Online Activity using Real-Time Content-Based Network Monitoring," and that on its face it indicates an issue date of June 16, 2015. Skyscanner is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies them.

12. Skyscanner admits that a purported copy of U.S. Patent No. 9,680,946 (the "'946 Patent") is available on the USPTO website, and that the face of the patent indicates that it is entitled "System and Method for Detecting and Reporting Online Activity using Real-Time Content-Based Network Monitoring," and that on its face it indicates an issue date of June 13, 2017. Skyscanner is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13. Skyscanner is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14. Skyscanner is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15. The content of the Asserted Patents speaks for themselves, and Paragraph 15 contains no allegations that require a response. To the extent any response is required, Skyscanner denies that the claims of the Asserted Patents comprise any "invention," and on that basis, denies the allegations in Paragraph 15.

16. Skyscanner admits that it provides hotel and travel search comparison features through its website www.skyscanner.com, which uses supporting backend computer systems,

including a web server and a database. Skyscanner denies the remaining allegations in Paragraph 16 of the Complaint.

17. Skyscanner denies the allegations in Paragraph 17 of the Complaint.

18. Skyscanner denies the allegations in Paragraph 18 of the Complaint.

19. Skyscanner denies the allegations in Paragraph 19 of the Complaint.

20. Skyscanner denies the allegations in Paragraph 20 of the Complaint.

21. Skyscanner denies the allegations in Paragraph 21 of the Complaint.

22. Skyscanner denies the allegations in Paragraph 22 of the Complaint.

23. Skyscanner denies the allegations in Paragraph 23 of the Complaint.

24. Skyscanner denies the allegations in Paragraph 24 of the Complaint.

25. Skyscanner is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

## COUNT I:
## ([Alleged] Infringement of the '416 Patent)

26. Skyscanner incorporates by reference each of its responses set forth in Paragraphs 1-25 above as if fully set forth herein.

27. Skyscanner denies the allegations in Paragraph 27 of the Complaint.

28. Skyscanner denies the allegations in Paragraph 28 of the Complaint.

29. Skyscanner denies the allegations in Paragraph 29 of the Complaint.

30. Skyscanner denies the allegations in Paragraph 30 of the Complaint.

31. Skyscanner denies the allegations in Paragraph 31 of the Complaint.

32. Skyscanner denies the allegations in Paragraph 32 of the Complaint.

33. Skyscanner denies the allegations in Paragraph 33 of the Complaint.

34. Skyscanner denies the allegations in Paragraph 34 of the Complaint.

## COUNT II:
## ([Alleged] Infringement of the '946 Patent)

35. Skyscanner incorporates by reference each of its responses set forth in Paragraphs 1-34 above as if fully set forth herein.

36. Skyscanner denies the allegations in Paragraph 36 of the Complaint.

37. Skyscanner denies the allegations in Paragraph 37 of the Complaint.

38. Skyscanner denies the allegations in Paragraph 38 of the Complaint.

39. Skyscanner denies the allegations in Paragraph 39 of the Complaint.

40. Skyscanner denies the allegations in Paragraph 40 of the Complaint.

41. Skyscanner denies the allegations in Paragraph 41 of the Complaint.

42. Skyscanner denies the allegations in Paragraph 42 of the Complaint.

43. Skyscanner denies the allegations in Paragraph 43 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Plaintiff's Demand for Jury Trial does not contain any allegations and therefore does not require a response. To the extent a response is required, Skyscanner denies those allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Skyscanner denies that Plaintiff is entitled to any judgment against Skyscanner and/or an order granting relief in any of the forms requested in parts A–H.

## SKYSCANNER LTD.'S AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Skyscanner asserts the following affirmative defenses. Skyscanner reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE

Skyscanner has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Asserted Patents.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Skyscanner's actions allegedly infringe the Asserted Patents, Skyscanner is not liable to Plaintiff for the acts alleged to have been performed before Skyscanner received actual notice that it was allegedly infringing the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Skyscanner indirectly infringes, either by contributory infringement or inducement of infringement, Skyscanner is not liable to Plaintiff for the acts alleged to have been performed before Skyscanner knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the Asserted Patents do not claim patent eligible subject matter under 35 U.S.C. § 101.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Skyscanner includes: (1) "providing the user browser with a Web page containing a URL specifying both an address of the tracking system and information that specifies a URL on the Web server"; (2) "upon receipt by the tracking system of a Web page request from the user browser, determining a Web server URL from the Web page request"; (3) "identifying and extracting captured information indicating that the user browser has requested the Web server URL, the captured information stored within a database"; (4) "forming parameter data based upon pre-determined selection parameters from the database"; (5) "encoding an original URL as part of the tracking system URL path to construct at least one rewritten URL"; (6) "embedding the rewritten URLs in the response such that a browser request to each of the rewritten embedded URLs is sent to the tracking system"; (7) "causing the Web page specified by the Web server URL to be returned to the user browser," and/or (8) "provide profiling and analysis of at least one session," as required by at least Claim 1 of the '416 and Claim 1 of the '946 Patent.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Skyscanner infringes under a theory of joint infringement, Skyscanner is not liable to Plaintiff. Skyscanner does not provide or perform each element of any claim of the Asserted Patents, and any actions of third parties accused by Plaintiff are not attributable to Skyscanner.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff attempted enforcement of the Asserted Patents against Skyscanner is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patents and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patents that would be broad enough to cover any activity of Skyscanner, either literally or by application of the doctrine of equivalents.

## SKYSCANNER LTD.'S COUNTERCLAIMS

For its counterclaims against Plaintiff Network Monitoring LLC's ("Network Monitoring"), Counterclaim Plaintiff Skyscanner Ltd. ("Skyscanner") alleges as follows:

### PARTIES

1. Counterclaim Plaintiff Skyscanner Ltd. is a corporation organized under the laws of United Kingdom. Skyscanner maintains a place of business at the address 338 Euston Rd, Floor 11, London NW1 3BT, United Kingdom.

2. Upon information and belief based solely on paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Network Monitoring LLC is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 100 West Houston Street, Marshall, Texas 75670.

### JURISDICITON

3. Skyscanner incorporates by reference paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Network Monitoring has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

### COUNT I: DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PAT. NO. 9,058,416

7. Skyscanner incorporates by reference paragraphs 1-6 above.

8. Based on the filing of this action and at least Skyscanner's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Skyscanner infringes U.S. Patent No. 9,058,416 (the "'416 Patent").

9. Skyscanner does not infringe at least Claim 1 of the '416 Patent because, *inter alia*, the accused system is not adapted to: (1) "provid[e] the user browser with a Web page containing a URL specifying both an address of the tracking system and information that specifies a URL on the Web server"; (2) "upon receipt by the tracking system of a Web page request from the user browser, determining a Web server URL from the Web page request"; (3) "identify[] and extracting captured information indicating that the user browser has requested the Web server URL, the captured information stored within a database"; (4) "form[] parameter data based upon pre-determined selection parameters from the database"; (5) "encod[e] an original URL as part of the tracking system URL path to construct at least one rewritten URL"; (6) "embed[] the rewritten URLs in the response such that a browser request to each of the rewritten embedded URLs is sent to the tracking system"; and/or (7) "caus[e] the Web page specified by the Web server URL to be returned to the user browser," as required by at least Claim 1 of the '416.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Skyscanner requests a declaration by the Court that Skyscanner has not infringed and does not infringe any claim of the '416 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 9,058,416

11. Skyscanner incorporates by reference paragraphs 1-10 above.

12. Based on the filing of this action and at least Skyscanner's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '416 Patent.

13. The claims of the '416 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 8,738,599, 8,612,343, 8,595,300, 7,668,811, 6,892,238, and 5,961,601. Skyscanner reserves the right to assert additional prior art and/or other invalidity defenses against the '416 Patent in accordance with the Court's Local Patent Rules.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Skyscanner requests a declaration by the Court that claims of the '416 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT III: DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PAT. NO. 9,680,946

15. Skyscanner incorporates by reference paragraphs 1-4 above.

16. Based on the filing of this action and at least Skyscanner's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Skyscanner infringes U.S. Patent No. 9,680,946 (the "'946 Patent").

17. Skyscanner does not infringe at least Claim 1 of the '946 Patent because, *inter alia*, the accused system is not adapted to: (1) "provid[e] the user browser with a Web page containing a URL specifying both an address of the tracking system and information that specifies a URL on

the Web server"; (2) "upon receipt by the tracking system of a Web page request from the user browser, determining a Web server URL from the Web page request"; (3) "identify[] and extracting captured information indicating that the user browser has requested the Web server URL, the captured information stored within a database"; (4) "form[] parameter data based upon pre-determined selection parameters from the database"; (5) "encod[e] an original URL as part of the tracking system URL path to construct at least one rewritten URL"; (6) "embed[] the rewritten URLs in the response such that a browser request to each of the rewritten embedded URLs is sent to the tracking system"; (7) "causing the Web page specified by the Web server URL to be returned to the user browser," and/or (8) "provide profiling and analysis of at least one session," as required by at least Claim 1 of the '946 Patent

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Skyscanner requests a declaration by the Court that Skyscanner has not infringed and does not infringe any claim of the '946 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT IV: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 9,680,946

19. Skyscanner incorporates by reference paragraphs 1-18 above.

20. Based on the filing of this action and at least Skyscanner's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '946 Patent.

21. The claims of the '946 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 8,738,599, 8,612,343,

8,595,300, 7,668,811, 6,892,238, and 5,961,601. Skyscanner reserves the right to assert additional prior art and/or other invalidity defenses against the '946 Patent in accordance with the Court's Local Patent Rules.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Skyscanner requests a declaration by the Court that claims of the '946 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## JURY DEMAND

Skyscanner hereby demands trial by jury on all issues in these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Skyscanner asks this Court to enter judgment in Skyscanner's favor and against Network Monitoring by granting the following relief:

a) a declaration that the Asserted Patents are invalid;

b) a declaration that Skyscanner does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c) a declaration that Network Monitoring take nothing by its Complaint;

d) judgment against Network Monitoring and in favor of Skyscanner;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Skyscanner of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

Dated: November 1, 2021

FISH & RICHARDSON P.C.

/s/ Adil A. Shaikh
Neil J. McNabnay
Texas Bar No. 24002583
David B. Conrad
Texas Bar No. 24049042
Adil A. Shaikh
Texas Bar No. 24117039

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com
conrad@fr.com
shaikh@fr.com

**COUNSEL FOR DEFENDANT SKYSCANNER LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 1, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Adil A. Shaikh
Adil A. Shaikh